

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 13, 1973

The Honorable Clayton T. Garrison
Executive Director
Texas Parks and Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 151

Re: Is the Texas Parks and
Wildlife Commission
authorized to adopt regu-
lations pursuant to the
Uniform Wildlife Regula-
tory Act (Article 978j-1,
V. T. P. C.) or other sta-
tutes for the purpose of
enforcing hunter safety
on small private tracts

Dear Mr. Garrison:                                    of land?

Your letter requesting our opinion asks whether the Texas Parks and
*Wildlife Commission is authorized by any statute to adopt and enforce regu-
lations providing for hunter safety on small private tracts of land.* As back-
ground you indicate that, in recent years, it has become fairly common for
people to divide a large tract of land into numerous small tracts which are
purchased by individuals for hunting deer or other game animals. You state
that the Department has received several complaints and, as one individual
stated, "Bullets do not stop at property lines."

As your letter tacitly recognizes, the Parks and Wildlife Department
may only exercise such powers as have been granted it by the Legislature.
Therefore the answer to your question requires an examination of the perti-
nent statutes.

The Parks and Wildlife Department, under the "policy direction" of a
Commission, was created in 1963 out of the Game and Fish Commission and
the State Parks Board, assuming all the powers, duties and authorities of each.
Acts 1963, 58th Leg., ch. 58, p. 104; Article 978f-3a, V. T. P. C.

From time to time additional responsibilities have been added as, for instance, in 1965 when the Department was given control and custody over several historic State battlegrounds. (Acts 1965, 59th Leg., ch. 225, p. 441; Article 6071b, V. T. C. S.) In 1971, it was given certain powers over the Texas State Railroad. (Acts 1971, 62nd Leg., ch. 311, p. 1249; Article 6069c, V. T. C. S.)

None of these statutes, however, authorized one of the predecessors of the Department or the Department itself to regulate the use of firearms. The Penal Code, Title 9, Chapter 4 prohibits the unlawful carrying of arms, but these provisions do not apply "to the carrying of arms on one's own" property. Article 484, V. T. P. C., and see § 46.03(2) of the 1973 Penal Code (Acts 1973, 63rd Leg., ch. 399, p. 883).

Similarly, there were many Articles in the Penal Code regulating hunting and designed to protect game. Vernon's Texas Penal Code, Title 13, Chapter 6. Such regulations as there were with reference to weapons used in hunting were designed to protect the hunted, not the hunter or other human beings. See, for example, Articles 879a-5, 879h-6, 901 and 902, V. T. P. C.

In 1971, the Legislature adopted what is now Article 6067b, V. T. C. S., (Acts 1971, 62nd Leg., ch. 383, p. 1403). Section 1 of the statute provides:

> "The Parks and Wildlife Commission is hereby authorized to promulgate reasonable rules and regulations governing the health, safety and protection of persons and property within State parks, historic sites, scientific areas, or forts administered by the Parks and Wildlife Department, as may hereafter be necessary. Said rules and regulations may be promulgated to govern the conservation, preservation and use of State property whether natural features or constructed facilities; the abusive, disruptive or destructive conduct of persons; the activities of park users including camping, swimming, boating, fishing or other recreational activities; the disposal of garbage, sewage or refuse; the possession of pets or animals; the regulation of traffic and

The Honorable Clayton T. Garrison, page 3 (H-151)

> parking; and <u>the conduct of individuals which endangers
> the health or safety of park users or their property</u>.
> (emphasis added)

As a prerequisite to adopting a rule or regulation, § 2 of the statute requires notice and a hearing. However, this statute authorizes rules and regulations applicable only to lands within the custody and control of the Department and Commission. Cf. Attorney General Opinion M-953 (1971).

The 63rd Legislature (Acts 1973, 63rd Leg., ch. 474, p. 1281) has authorized the Commission to prohibit the use of firearms on <u>state property</u> adjacent to state parks located within one mile of coastal waters of the state.

The fact that the Legislature on two recent occasions has seen fit to expressly limit the powers of the Texas Parks and Wildlife Department and Commission to regulate hunting and the use of firearms to state owned property, coupled with the provisions of the new Penal Code exempting from the regulation of weapons, firearms used on one's own property compels us to conclude that it has not been the intention of the Legislature to extend to the Department or Commission authority to adopt regulations to enforce hunter safety on small private tracts of land.

While the Uniform Wildlife Regulatory Act (Article 978j-1, V.T.P.C.) gives to the Commission extensive powers to regulate hunting so as to conserve wildlife, it does not expressly give the Commission the power about which you inquire.

SUMMARY

In the absence of express legislative authority, the Parks and Wildlife Department may not adopt regulations for the purpose of enforcing hunter safety on private tracts of land.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee